29



AO 241
(Rev. 10/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERS...**

Case:2:14-cv-10610
Judge: Cohn, Avern
MJ: Grand, David R.
Filed: 02-07-2014 At 11:51 AM
HC SWORD V WARREN (EB)

| United States District Court | |
|---|---|
| Name (under which you were convicted): AIMEE SWORD | |
| Place of Confinement: WOMEN'S HURON VALLEY 3201 BEMIS ROAD YPSILANTI, MICHIGAN 48197 | Prisoner No.: 771085 |
| Petitioner (include the name under which you were convicted) AIMEE SWORD 3201 BEMIS ROAD YPSILANTI, MICHIGAN 48197 | v. Respondent (authorized person having custody of petitioner) WARDEN MILLICENT WARREN 3201 BEMIS ROAD YPSILANTI, MICHIGAN 48197 |
| The Attorney General of the State of Michigan: Bill Schuette | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
State of Michigan 6th Judicial Circuit Oakland County
1200 N. Telegraph Dept. 404 Pontiac, Michigan 48341
(b) Criminal docket or case number (if you know): 09 228490 FC
2. (a) Date of the judgment of conviction (if you know): June 1, 2010
(b) Date of sentencing: July 12, 2010
3. Length of sentence: 9-30years
4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No
5. Identify all crimes of which you were convicted and sentenced in this case:
Criminal Sexual Conduct I
6. (a) What was your plea? (Check one)
☐ (1) Not Guilty ☐ (3) Nolo contendere (no contest)
☒ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ______

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Michigan Court of Appeals

(b) Docket or case number (if you know): 301169

(c) Result: Denied leave to appeal

(d) Date of result (if you know): December 17, 2010 (see attachments B & D)

(e) Citation to the case (if you know): ______

(f) Grounds raised: I. Defendant was denied due process where offense variable eight, eleven, and twelve were mis-scored resulting in a sentence based on inaccurate information.

II. Remand is required to amend the judgment of sentence to remove a condition of lifetime tether where it is not authorized by statute or ordered at sentencing.

(g) Did you seek further review by a higher state court? ☒ Yes ☐ No

If yes, answer the following:

(1) Name of court: Michigan Supreme Court

(2) Docket or case number (if you know): 142553

(3) Result: Remanded to Court of Appeals for consideration of lifetime electronic monitoring

AO 241
(Rev. 10/07)

(4) Date of result (if you know): September 26, 2011 (see attachments C & E)

(5) Citation to the case (if you know): ______

(6) Grounds raised: See page 1 grounds raised in Michigan Court of Appeals

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: ______

(8) Date of result (if you know): ____________________

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ____________________

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ____________________

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised: ____________________

AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** DEFENDANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT IMPROPERLY SENTENCED DEFENDANT TO LIFETIME TETHER AFTER SENTENCING.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court was not authorized by statute to impose a condition of lifetime tether. SEE ATTACHMENT A

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

---

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: ______

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241
(Rev. 10/07)

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two ______

**GROUND THREE:** ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

AO 241
(Rev. 10/07)

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

______

______

______

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

______

______

______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? [X] Yes [ ] No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? [ ] Yes [X] No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? [ ] Yes [X] No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Kenneth Burch P48622
295 W Huron St. Pontiac, Michigan 48341

(b) At arraignment and plea: Mitchell Ribitwer P26054
26862 Woodward, Unit 200 Royal Oak, Michigan 48067

(c) At trial:

(d) At sentencing: Mitchell Ribitwer P26054
26862 Woodward, Unit 200 Royal Oak, Michigan 48067

(e) On appeal: Madelaine Lydia
1431 West Lake Drive Novi, Michigan 48377

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

AO 241
(Rev. 10/07)

Therefore, petitioner asks that the Court grant the following relief: Vacate sentencing order of lifetime electronic monitoring.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2-3-14 (month, date, year).

Executed (signed) on 2-3-14 (date).

A. Sword

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**ATTACHMENT A**

United States Eastern District
Brief

## STATEMENT OF FACTS

Defendant Aimee L. Sword, was charged with three counts of Criminal Sexual Conduct First Degree, MCL 750.520(b). The offense arose when Ms. Sword was reunited with her biological son, who was fourteen years old at the time. Ms. Sword had given him for adoption at birth.

The instant offenses arouse when the complainant made contact with Ms. Sword after being kicked out of his house in Grand Rapids, where he lived with his adoptive mother. The complainant was in trouble with police and his adopted mother and he, asked Ms. Sword to pick him up and take him to her home in Waterford.

The adoptive mother knew Ms. Sword was picking the complainant up. During the trip to Waterford they stopped at Ms. Sword's brother's apartment where sexual intercourse occurred.

On June 1, 2010, Ms. Sword plead guilty to one count of Criminal Sexual Conduct First Degree, pursuant to a plea bargain to dismiss two counts of Criminal Sexual Conduct First. At the plea, Ms. Sword admitted one instance of sexual penetration in the Township of Waterford between July 1, 2008 and July 28, 2008 with the complainant, who was between the ages of thirteen (13) and fourteen (14), and that she was related to the complainant by blood or affinity to the fourth degree. (PT 7-8).

Prior to sentencing a Presentence Report was prepared which recommended a sentence of 60 months to 30 years, registration under the Michigan Sex Offender Act, $68.00 State Costs, and $60.00 Crime Victim's Assessment, and attorney fee for the court appointed trial attorney of $600.00. The Presentence Report did not recommend or mention any mandatory requirement for electronic monitoring.

On July 12, 2010, Ms. Sword appeared for sentencing in the Oakland County Circuit Court. Ms. Sword was sentenced to serve nine (9) to thirty (30) years, $68.00 State Costs, and $60.00 Crime Victim's Assessment, and attorney fee for the court appointed trial attorney of $600.00, compliance with DNA and HIV testing, and sex offender registration, and no contact with the victim. (ST 19). The court did not mention or impose any additional penalty of lifetime electronic monitoring at sentencing.

On July 12, 2010, the Court issued a Judgment of Sentence with a recommendation to comply with the DNA testing, HIV testing, Sex Offender Registration requirements, and a provision that Defendant must serve Lifetime Tether upon release from prison.

Defendant seeks leave to appeal the requirement of lifetime electronic monitoring upon release from prison.

ATTACHMENT A

DEFENDANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT IMPROPERLY SENTENCED DEFENDANT TO LIFETIME TETHER AFTER SENTENCING

**Argument:**

Defendant was convicted of one count Criminal Sexual Conduct (victim at least 13 but less than 16 and defendant and victim related by blood to the 4th degree). MCL 750.520(b).

On July 12, 2010, a Judgment of Sentence was filed which included a condition of Lifetime Tether upon release from prison. The condition of Lifetime Tether was not ordered by the court as part of the sentence nor is it authorized by **statute,** violates due process, and the Judgment of Sentence should be amended to remove the condition of Lifetime Tether.

U.S. Const. amend. XIV § 1 states:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Legislature in 2006 enacted several tie-barred acts providing for lifetime electronic monitoring of certain sex offenders by the Department of Corrections. See 2006 PA 165 through 172. Defendant argues that reading these provisions together, MCL 750.520n controls over 750.520b (2)(d) so that lifetime electronic monitoring does not apply to persons convicted of CSC-I unless the victim was under 13 years of age.

MCL 750.520b(1) sets forth various forms of CSC-I that are punishable as follows, under MCL 750.520b(2):

(a) except as provided in subdivision (b) and (c), by imprisonment for life or for any term of years.

(B) for a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.

(d) In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520n.

CSC-II is punishable by not more than 15 years imprisonment. MCL 750.520c(2)(a) " In addition to the penalty specified in subdivision (c), the court shall sentence the defendant to lifetime electronic monitoring under section 520n **if the violation involved sexual contact or committed by an individual 17 years of age or older against an individual less than 13 years of age." MCL 750.520c(2)(b).**

Finally, and critical to this issue, MCL 750.520n(1) provides:

A person convicted under section 520b or 520c for criminal sexual conduct committed by an individual 17 years of age or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring as provided under section 85 of the corrections code of 1953,

1953 PA 232, MCL 791.285.

A plain reading of MCL 750.520b(2)(d) and MCL 750.520n(1) provides that, even in the case of CSC-I, lifetime electronic monitoring is only required when the victim is less than 13 years old and the defendant is 17 years old or older. Here it is undisputed that the complainant was 14 years old at the time of defendant's offenses. The court improperly imposed the sentence of lifetime tether.

In **People v Quinntana**, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2011 (Docket No. 295324), p 7, this Court vacated the defendant's lifetime electronic monitoring sentencing condition because the victim was older than 13:

> We conclude that although the legislature may have intended to subject all individuals convicted of CSC-I to lifetime electronic monitoring, the legislature's intent is irrelevant to our determination because the statutory language is unambiguous. MCL 750.520b(2)(d) explicitly references MCL 750.520n, which only applies where the victim is younger than 13. For this Court to accept the prosecution's interpretation of MCL 750.520b(2)(d), it would essentially be required to ignore that provision's reference to MCL 750.520n. Stated differently, if the legislature desired to subject all individuals convicted of CSC-I to lifetime electronic monitoring, the controlling statute would not have included the language that we emphasize below:
>
> "In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring **under section 520n.**"

Under the rules of statutory interpretation, we cannot simply disregard the specific language utilized by the legislature. As a result, the portion of the Judgment of Sentence requiring lifetime electronic monitoring is vacated.

In **People v Bowman**, unpublished opinion per curiam of the Court of Appeals, issued November 9, 2010 (Docket No. 292415), the defendant was convicted of two counts of first degree criminal sexual conduct. We found no support for the sentencing court's imposition of lifetime electronic monitoring when the victim was over the age of 13.

In **People v Hampton**, unpublished opinion per curiam of the Court of Appeals, issued December 20, 2011 (Docket No. 297224), the defendant was convicted of six counts of first-degree criminal sexual conduct. We vacated the lifetime electronic monitoring from the defendant's sentence because the victim was over the age of 13.

Clearly defendant's due process has been denied where it is clearly established that the state improperly upheld the judgment of sentence of lifetime electronic monitoring where victim in this case is older than 13.

## RELIEF REQUESTED

For the reasons state herein, defendant requests this Honorable Court to vacate the judgment of sentence requiring lifetime electronic monitoring.

Respectfully submitted,

Dated: 2-3-14

Aimee L. Sword

Aimee L. Sword

# ATTACHMENT B

Michigan Court of Appeals
ORDER

dated: December 17, 2010

# ATTACHMENT C

Michigan Supreme Court
ORDER

dated: September 26, 2011

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 26, 2011

142553 & (16)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellee,

v

SC: 142553
COA: 301169
Oakland CC: 2009-228490-FC

AIMEE LOUISE SWORD,
Defendant-Appellant.
_______________________________________/

By order of May 24, 2011, the prosecuting attorney was directed to answer the application for leave to appeal the December 17, 2010 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of the question of whether lifetime monitoring was authorized in this case, as part of the defendant's sentence, where the complainant was 14 years old. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

SEAL OF THE MICHIGAN SUPREME COURT · LANSING · JUSTITIAM · DISCITE · MONITI

I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 26, 2011     Corbin R. Davis
Clerk

h0919

# ATTACHMENT D

Michigan Court of Appeals
ORDER

dated: September 22, 2012

# STATE OF MICHIGAN

# COURT OF APPEALS

DEFENDANTS COPY

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

AIMEE LOUISE SWORD,

Defendant-Appellant.

UNPUBLISHED
September 20, 2012

No. 301169
Oakland Circuit Court
LC No. 2009-228490-FC

Before: MURPHY, C.J., and MARKEY and WHITBECK, JJ.

PER CURIAM.

Defendant pleaded guilty to first-degree criminal sexual conduct (CSC) for engaging in sexual penetration with a 14-year-old victim related by blood or affinity, MCL 750.520b(1)(b)(ii). She was sentenced to a prison term of 9 to 30 years and directed to "serve lifetime tether upon release from prison." This Court originally denied defendant's delayed application for leave to appeal,[1] but our Supreme Court, in lieu of granting leave to appeal, has remanded the case to this Court "for consideration as on leave granted of the question of whether lifetime monitoring was authorized in this case, as part of the defendant's sentence, where the complainant was 14 years old." *People v Sword*, 490 Mich 871; 803 NW2d 329 (2011). We hold that the trial court did not err in ordering lifetime monitoring and, therefore, affirm defendant's sentence.

MCL 750.520b(2)(d) provides that in addition to the prison sentence imposed under § 520b(2)(a), "the court shall sentence the defendant to lifetime electronic monitoring under section 520n." MCL 750.520n provides, in pertinent part:

> (1) A person convicted under section 520b[2] or 520c[3] for criminal sexual conduct committed by an individual 17 years old or older against an individual

[1] *People v Sword*, unpublished order of the Court of Appeals, entered December 17, 2010 (Docket No. 301169).

[2] Section 520b sets forth the crime of first-degree CSC, which is predicated on sexual penetration. MCL 750.520b(1).

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee

v

AIMEE LOUISE SWORD,

Defendant-Appellant.

UNPUBLISHED
September 20, 2012

No. 301169
Oakland Circuit Court
LC No. 2009-228490-FC

Before: MURPHY, C.J., and MARKEY and WHITBECK, JJ.

MARKEY, J. (*concurring*).

I concur in result only.

/s/ Jane E. Markey

**ATTACHMENT E**

Michigan Supreme Court
ORDER

dated: March 4, 2013

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 4, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

146197

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellee,

v

SC: 146197
COA: 301169
Oakland CC: 2009-228490-FC

AIMEE LOUISE SWORD,
Defendant-Appellant.

_______________________________________/

On order of the Court, the application for leave to appeal the September 20, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

VIVIANO, J., not participating.

I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 4, 2013

Clerk

h0225

Sword 771085
WHVC
3201 Bemis Rd.
Ypsilanti, Michigan
48197

RECEIVED
FEB - 7 2014
CLERK'S OFFICE
DETROIT

$ 05.05

Office of the Clerk
United States District Court
231 W. Lafayette Blvd. Fifth Fl
Detroit, Michigan
48226

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 14-10610 | **Judge:** Avern Cohn | **Magistrate Judge:** David R. Grand |

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:**<br>AIMEE SWORD | **Name of 1st Listed Defendant/Respondent:**<br>MILLICENT WARREN |
| **Inmate Number:** 771085 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Huron Valley Women's Correctional Facility<br>3201 Bemis Road<br>Ypsilanti, MI 48197<br>WASHTENAW COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes ☒ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes ☒ No
   ➢ **If yes, give the following information:**
   **Court:** ______
   **Case No:** ______
   **Judge:** ______