UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE SWORD,

    Petitioner,                                      Case No. 2:14-CV-10610
                                                         HON. AVERN COHN

v.

MILLICENT WARREN,

    Respondent.
_____/

## ORDER DISMISSING PETITION
## AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Aimee Sword, ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under § 2254. Petitioner pleaded guilty in the Oakland Circuit Court to first-degree criminal sexual conduct (CSC) for engaging in sexual penetration with a 14-year-old victim related by blood or affinity, MICH. COMP. LAWS § 750.520b(1)(b)(ii). She was sentenced to a prison term of 9-to-30 years and directed to "serve lifetime tether upon release from prison." Petitioner says that the requirement she serve lifetime tether was contrary to Michigan law. As will be explained, her sentencing claim is not cognizable on habeas review. Accordingly, the petition will be dismissed.

### II. Background

Petitioner pled guilty to the above charges in the Oakland Circuit Court. Following sentencing, she filed an application for leave to appeal in the Michigan Court of Appeals, claiming that the lifetime tether requirement ran contrary to MICH. COMP.

L<small>AWS</small> § 750.520n.

The Michigan Court of Appeals initially denied "for lack of merit in the grounds presented." People v. Sword, No. 301169 (Mich. Ct. App. Dec. 17, 2010). However, the Michigan Supreme Court remanded the case to the court of appeals for consideration of the issue as on leave granted.

The Michigan Court of Appeals then issued an unpublished opinion, rejecting Petitioner's claim on the merits:

> Defendant argues that M.C.L. 750.520n authorizes electronic monitoring only when (1) a defendant has been convicted of first-or second-degree CSC, (2) the defendant was at least 17 years of age, and (3) the victim was under 13 years of age. This Court recently addressed this precise issue and held that lifetime monitoring is to be ordered (1) when the defendant has been convicted of first-degree CSC, regardless of anyone's age, or (2) when the defendant has been convicted of second-degree CSC and (a) the defendant was at least 17 years of age and (b) the victim was under 13 years of age. People v. Brantley,   Mich. App.  ;   N.W.2d  , issued May 17, 2012, and amended June 18, 2012 (Docket No. 298488). Shortly after Brantley was issued, this Court released People v. King,   Mich. App.  ;   N.W.2d  , issued July 31, 2012 (Docket No. 301793), in which a majority of the panel disagreed with the reasoning and holding in Brantley on the matter at issue, explained its disagreement, ruled consistent with Brantley only because it was required to do so under M.C.R. 7.215(J)(1), and requested the convening of a special conflict panel pursuant to M.C.R. 7.215(J)(2). In a poll taken by the judges of the Court of Appeals under M.C.R. 7.215(3), the Court declined to convene a special panel. People v. King,   Mich App  ;   N.W.2d  , special order entered August 20, 2012 (Docket No. 301793). Accordingly, we are bound to follow Brantley, M.C.R. 7.215(J)(1). Because defendant was convicted of first-degree CSC, the trial court properly ordered lifetime monitoring.

People v. Sword, No. 301169, *2-4 (Mich. Ct. App. Sept. 20, 2012).

Petitioner appealed this decision to the Michigan Supreme Court; leave was denied in a standard order. People v. Sword, No. 146197 (Mich. Sup. Ct. March 4, 2013).

Petitioner the fled the instant petition, claiming that she "was denied due process when the trial court improperly sentenced defendant to lifetime tether after sentencing."

### III.  Legal Standard

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

A sentence imposed within the statutory limits is not generally subject to habeas review.  Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  See Vliet v. Renico, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

### IV.  Discussion

Petitioner claims that a person convicted of first-degree CSC cannot be sentenced to a lifetime tether unless the victim was under thirteen years old, and her victim was fourteen years old.  She bases this argument on the language of § 750.520n,

3

which states: "A person convicted [of first-degree CSC] or [second-degree CSC] for criminal sexual conduct committed by an individual 17 years old or older against an individual less than 13 years of age shall be sentenced to lifetime electronic monitoring. . . ." The question of statutory construction--occasioned by an absence of commas from the sentence in question--is whether the second clause of the section applies to persons convicted of first or second-degree CSC, or only to those convicted of second-degree CSC. As stated above, the question was conclusively resolved against Petitioner by the Michigan Court of Appeals under state law. The Supreme Court has held that state courts are the ultimate expositors of state law, and on habeas review, the federal courts are bound by the state courts' interpretation of their own law. See Mullaney v. Wilbur, 421 U.S. 684, 690-91 (1975). "The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure." Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987). Therefore, Petitioner's claim is not cognizable on habeas review.

## V. Conclusion

For the reasons stated above, the petition is DISMISSED. Moreover, a certificate of appealability is DENIED[1] as Petitioner has failed to show the substantial denial of a

---

[1]To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. Castro

federal constitutional right.

     SO ORDERED.


                           S/Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE

Dated: February 19, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 19, 2014, by electronic and/or ordinary mail.

                           Sakne Chami
                           Case Manager, (313) 234-5160

---

v. United States, 310 F.3d 900, 901 (6th Cir. 2002).